**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 26-6283**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT BENTON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, Senior District Judge.  (4:97-cr-00866-CMC-1)

Submitted:  May 21, 2026                          Decided:  May 27, 2026

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert Benton, Jr., Appellant Pro Se.  John C. Potterfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Benton, Jr., appeals the district court's order denying his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Finding no reversible error, we affirm.

"This Court reviews the denial of compassionate release motions . . . for an abuse of discretion." *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "Under this standard, we may not substitute our judgment for that of the district court." *United States v. Washington*, 161 F.4th 816, 820 (4th Cir. 2025) (alteration and internal quotation marks omitted). Rather, "we may only ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted). In other words, "an abuse of discretion is when the district judge is fundamentally wrong, not when we disagree with the district court's judgment." *Id.* (internal quotation marks omitted).

"A district court analyzes a compassionate release motion in two steps." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). At the first step, the court "determines whether the defendant is eligible for a sentence reduction. To be eligible, the court must find that relief is warranted because of extraordinary and compelling reasons and consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (citation and internal quotation marks omitted). At the second step, "the court considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Id.*

Here, the district court found that Benton had not demonstrated extraordinary and compelling reasons for his early release, as those are defined in the applicable policy

2

statement—U.S. Sentencing Guidelines Manual § 1B1.13, p.s.  We conclude that the district court did not abuse its discretion in finding that Benton had not met his burden of demonstrating that his mother was incapacitated or that he was the sole available caregiver for her, USSG § 1B1.13(b)(3), p.s.; that there was a gross disparity between his sentence and the sentence likely to be imposed today, USSG § 1B1.13(b)(6), p.s.; or that there were other reasons for his early release, USSG § 1B1.13(b)(5), p.s.

The district court also found that, even if Benton had established extraordinary and compelling reasons for his early release, the § 3553(a) factors weighed against granting relief.  We conclude that the district court did not abuse its discretion in finding that Benton's commendable efforts at rehabilitation did not outweigh the seriousness of his offense conduct, criminal history, and prison disciplinary record.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3